MARLIN E. KAUFMAN *vs.* PAUL SPECHT.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

In pursuing the method provided by § 5832 of the General Statutes for the correction of a finding, the form heretofore approved by this court for the assignment of errors should be followed.

Facts will not be added to a finding unless they are material and admitted or undisputed.

The finding in the present case reviewed and *held* to support the conclusion of the trial court that the defendant had obtained money from the plaintiff by means of fraudulent representations that he would deliver shares of stock in a corporation which was, in fact, nonexistent.

Argued June 8th—decided July 25th, 1927.

ACTION to recover a sum of money alleged to have been obtained by the defendant from the plaintiff by means of fraudulent representations, brought to the Superior Court in Hartford County and tried to the court, *Nickerson, J.;* judgment for the plaintiff for $2,202, and appeal by the defendant. *No error.*

*Edward C. Fisher,* with whom, on the brief, was *Clement A. Fuller,* for the appellant (defendant)

*Joseph I. Kopelman,* with whom was *Louis M. Schatz* and, on the brief, *Nathan A. Schatz,* for the appellee (plaintiff).

BANKS, J. Several of the reasons of appeal are based upon alleged errors of the trial court in refusing to find certain facts as set forth in the defendant's draft-finding. The defendant, in an attempt to follow the procedure for the correction of the finding under General Statutes, § 5832, has procured the certification of all the evidence in the case, but has not strictly fol-

lowed the approved form in his assignment of such alleged errors. *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 253, 116 Atl. 186; Practice Book, p. 313. These assignments of error, however, though informal, make reasonably apparent the corrections of the finding which are claimed, and we have examined the evidence to determine whether any of them are well taken. The only witnesses upon the trial were the plaintiff and the defendant. The facts which it is sought to have added to the finding were testified to by the defendant, but were in dispute upon the trial, and none of them, not already covered by the finding, were material facts which were admitted or undisputed, and the court did not err in refusing to find them.

Plaintiff and defendant entered into a written contract by the terms of which the defendant agreed to transfer to the plaintiff one hundred shares of stock representing one tenth of the total interest in the Pandora, Inc., of Philadelphia, for which the plaintiff agreed to pay at the rate of $50 a share. In accordance with the terms of the agreement, the plaintiff made different payments, aggregating $2,000, and requested the defendant to deliver to him the stock thus paid for. The defendant conducted a café in Philadelphia known as the "Pandora Café," which was not incorporated, and there was no such corporation as "Pandora, Inc." The defendant knew that there was no such corporation and that no stock in any such corporation could be delivered by him. The defendant has retained the $2,000 paid him by the plaintiff and has refused to return it. The complaint is based upon the fraudulent representations of the defendant that there was such a corporation as "Pandora, Inc.," and that he was the owner of shares of

its stock, which representations the court has found to be false and that defendant knew they were false.

It appears from the record that the defense to this action was that the defendant was a stockholder in a corporation known as the Claridge, Inc., which operated a café known as Pandora Café, and that the plaintiff's intention was to purchase a one tenth interest in this café; that when the contract was signed defendant believed the name of the corporation which operated the café had been changed from the Claridge, Inc., to the Pandora, Inc., that the name of the corporation owning the café was immaterial, that the defendant was at all times willing to deliver to the plaintiff shares in the corporation owning the café, and that plaintiff's loss was due to the failure of the enterprise and not to the fact that there was no corporation by the name of Pandora, Inc. Most of the assignments of error, including those based directly upon the refusal of the trial court to find the facts set forth in the draft-finding, complain of the failure of the court to find facts supporting this defense, or the finding of facts inconsistent with it. They present no question of law, and of course cannot avail the defendant in the absence of a correction of the finding.

This leaves for consideration only the defendant's claim that the facts do not support the conclusion of the court that the defendant deceived and defrauded the plaintiff. The finding presents a perfectly clear case of fraudulent representations and of fraud in the sale of stock in a nonexistent corporation. Defendant's brief cites and relies upon the evidence of the defendant to support his contention, disregarding the finding, which conclusively determines the controlling facts adversely thereto.

There is no error.

In this opinion the other judges concurred.